Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEMELVIN BATES,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| | **1. VIOLATION OF THE** |
| | **TELEPHONE CONSUMER** |
| **v.** | **PROTECTION ACT,  47 U.S.C.** |
| | **§227 ET. SEQ.;** |
| **BLUESTEM BRANDS, INC. d/b/a** | |
| **FINGERHUT,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

DEMELVIN BATES ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.    Plaintiff is a natural person residing in Oakland, California.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    Defendant is a corporation with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, MN 55344.

8.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# **FACTUAL ALLEGATIONS**

9.      Plaintiff has a cellular telephone number.

10.     Plaintiff has only used this number as a cellular telephone number.

11.     Beginning in January 2016 and continuing through May 2016, Defendant repeatedly called Plaintiff on his cellular telephone.

12.     When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

13.     Plaintiff knew Defendant was using an automated dialer as the calls began with a noticeable delay before the call was transferred to a caller.

14.     Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact Plaintiff regarding a balance he disputed owing.

15.     On or about February 5, 2016, Plaintiff spoke with Defendant's representative and told Defendant to stop calling, revoking any consent that may have been previously given.

16.     Thereafter, Defendant ignored Plaintiff's revocation and continued to call his cellular telephone number.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

17.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

18.    Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

19.    Defendant's calls to Plaintiff were not made for emergency purposes.

20.    Defendant's calls to Plaintiff, on and after February 5, 2016, were not made with Plaintiff's prior express consent.

21.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

22.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

23.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.


WHEREFORE, Plaintiff, DEMELVIN BATES, respectfully prays for a judgment as follows:

PLAINTIFF'S COMPLAINT

    a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.     Any other relief deemed appropriate by this Honorable Court.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, DEMELVIN BATES, demands a jury trial in this case.

                                        Respectfully submitted,

DATED: June 3, 2016          By: /s/ Amy Lynn Bennecoff Ginsburg
                                 Amy Lynn Bennecoff Ginsburg, (275805)
                                 Kimmel & Silverman, P.C.
                                 30 East Butler Pike
                                 Ambler, PA 19002
                                 Telephone: (215) 540-8888
                                 Facsimile (215) 540-8817
                                 Email: aginsburg@creditlaw.com
                                 Attorney for Plaintiff